# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO AMADOR,<br><br>Defendant. | 1:18-cr-00207-LJO-SKO<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>**(ECF NO. 249)** |

The Court has received and reviewed Defendant's Motion For Reconsideration of the Defendant's Motions for Discovery, as well as a Motion for Identification of Acts to be Offered as RICO evidence, both heard by the Magistrate Judge. Also reviewed were the Government's opposition and the Defendant's Reply. The issues are clear from both sides' perspectives. As a result, the following Order is issued:

1. The hearing scheduled for January 10, 2020 at 8:30 a.m. is not needed and is therefore VACATED;

2. The Court notes that the trial is set for April 14, 2020, in approximately 3 months. The Court is also aware of the HORRENDOUS and unmanageable workload on the District Judges of the Eastern District of California. The Undersigned will be leaving the Court on February 2, 2020. This case will be reassigned to the only remaining District Judge handling criminal cases from and including Modesto, South to the Los Angeles border: Dale A. Drozd.

Clearly, Judge Drozd will not have time to be dealing with last minute discovery matters that

both parties can resolve themselves and NOW.

3. This Court hereby helps both parties resolve those discovery matters as follows:

    a. The Government is to provide Rule 404(b) evidence to Defense Counsel on or before February 13, 2020. If not accomplished, that not provided on or before that date will be precluded from the trial;

    b. The Government is to identify all RICO acts it intends to offer into evidence at trial on or before February 20, 2020;

4. Regarding the Defendant's Request for the identification of the alleged victim, there is an obvious safety concern involving the timing of that identification, with a competing Sixth Amendment issue. The Government is to produce the alleged victim to the Court, on a date and at a time to be set *IN CAMERA* by the Government within the next ten days. That production will be on the record, sealed, and *in camera*. At that hearing, the Court itself will inform the victim of his or her choice on whether to meet with Defense Counsel. This will be done in a neutral fashion, thereby eliminating the risk that Defense Counsel fears of "having the government agent emphasize that in such a manner as to convey to the victim witness that they would prefer that he not communicate with the defense." Defense Counsel will be advised of the result of that on-the-record meeting. Other than that more immediate proviso, the name of the victim will be provided in the required Witness List to be filed in advance of the trial. (The Court's reasoning is based on the representations in Document 255, 4:9-5:11).

5. The other discovery requests are Denied as being vague and overly broad.

IT IS SO ORDERED.

Dated: **January 6, 2020**　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE